

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

**IVAN A. MENDEZ JR**.
*Assistant Corporation Counsel*
Room 2-184
Telephone: (212) 788-8688
Fax No.: (212) 788-0940
Email: imendez@law.nyc.gov

November 1, 2007

**BY ECF & HAND DELIVERY**

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: Temple v. City of New York, et al.
          Docket No. 06 CV 2162 (DLI) (CLP)
          Our No. 06LE000183

Dear Judge Irizarry:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in the above-referenced action. I submit this letter in reply to plaintiff's letter of October 24, 2007 (October 24th Letter) and in further support of defendants' objections to the portion of Magistrate Judge Pollak's Minute Entry/Order of October 10, 2007, which directs defendants to produce to plaintiff the addresses of several public schoolchildren, ages 10 to 12, whom the plaintiff wishes to subpoena and depose.

   In the October 24th Letter, plaintiff makes plain that the sole reason that she wishes to depose the schoolchildren who witnessed plaintiff's argument with a school secretary and an Assistant Principal is because it will "help her establish that she was treated differently from similarly placed white employees." October 24th Letter at 3. Plaintiff was a teacher at the school. It is well settled that to be similarly situated, plaintiff and her comparators must be similarly situated in all material respects. See Shumway v. United Parcel Serv., 118 F.3d 60, 64 (2d Cir. 1997); see also Stepheny v. Brooklyn Hebrew Sch. for Special Children, 356 F. Supp. 2d 248, 260 (E.D.N.Y. 2005). Being similarly situated requires that the comparator be similar, although not necessarily identical, to plaintiff in terms of performance, seniority, education and work duties. Bush v. Fordham University, 452 F.Supp.2d 394, 410 (S.D.N.Y. 2006). Where plaintiff and the individuals with whom she compares herself to share different job descriptions or duties, plaintiff and the alleged comparators are not similarly situated. See Cooper v. Morgenthau, No. 99 CV 11946, 2001 U.S. Dist. LEXIS 10904, at *21-23 (S.D.N.Y. July 31,

**HONORABLE DORA L. IRIZARRY**
United States District Judge
Temple v. The City of New York, et al.,
06 CV 2162
November 1, 2007
Page 2

2001)(finding plaintiff was not similarly situated to comparator where their job descriptions differed).

As an initial matter, plaintiff, a teacher, is not, as a matter of law, similarly situated to her supervisor, an Assistant Principal. See, e.g., Hayes v. Kerik, 414 F. Supp. 2d 193, 204-05 (E.D.N.Y. 2006)(finding that Correction Officers are not similarly situated to a Correction Captain, the next higher rank above CO); Querry v. Messar, 66 F. Supp. 2d 563, 572 (S.D.N.Y. 1999)(police officer and police sergeant, the next higher rank, are not similarly situated); cf. Richardson v. Newburgh Enlarged City Sch. Dist., 984 F. Supp. 735, 746 (S.D.N.Y. 1997)(probationary and tenured employees not similarly situated).

Plaintiff is also not similarly situated to the school secretary, whose duties are entirely different from those of plaintiff, a teacher. See Cooper, 2001 U.S. Dist. LEXIS 10904, at *21-23.  Thus, the testimony plaintiff believes she will elicit from the schoolchildren, will not aid plaintiff in showing disparate treatment on account of her race.  Therefore, producing the addresses of these children so that the plaintiff can subpoena and depose them, is futile, and Magistrate Judge Pollak's Order directing defendants to produce these addresses, is clearly erroneous and must be reversed.

In her October 24th letter, plaintiff also states that Rule 26(a)(1) "requires all parties to furnish the names, and if known, the telephone numbers of individuals likely to have discoverable information relevant to any disputed facts in the action." October 24th Letter at 4. Despite plaintiff's interpretation of that rule, Rule 26(a)(1)(A)(i) on Initial Disclosures provides that a party is required to provide to the other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of the information—that the disclosing party may use to support its claims or defenses … .

(emphasis supplied).  Defendants, the disclosing parties, do not intend to use the children's testimony to support any of their claims or defenses.  Thus, under the plain language of Rule 26, defendants are not, and were not, required to disclose the children's addresses.  It need only be noted that no one has the right to testimony of any person, let alone school children, that is neither relevant nor likely to lead to the discovery of relevant information.

Rule 26(b)(1) provides that parties " … may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense … ." (emphasis supplied).  As the Rule makes plain, the Court has the discretion to limit discovery even if the discovery were actually relevant to the case. Defendants, the City school system and its employees, act in *loco parentis* to the children whom plaintiff intends to depose. See, e.g., Morse v. Frederick, __ U.S. __, 127 S. Ct. 2618, 2631-33 (2007)(Thomas, J., concurring)(reviewing the long history of the

HONORABLE DORA L. IRIZARRY
United States District Judge
Temple v. The City of New York, et al.,
06 CV 2162
November 1, 2007
Page 3

doctrine of *in loco parentis* as applied to schools); Melzer v. Bd. of Educ., 336 F.3d 185, 199 (2d Cir. 2003), cert. denied, 540 U.S. 1183 (2004)("Melzer's position as a school teacher is central to our review. He acts in loco parentis for a group of students …").  The Board has an obligation to protect these children from the rigors of a deposition about matters that occurred three years ago, when these school children were between 7 and 8 years old.  It need only be added that alleged benefit plaintiff is attempting to derive from this testimony, which as shown above is illusory, could not possibly outweigh the interest of these young children to a deposition.

Accordingly, defendants respectfully request that the Court reverse that portion of Magistrate Judge Pollak's Minute Entry/Order which requires defendants to produce the addresses of several young schoolchildren whom plaintiff intends to depose.  Defendants respectfully request that the Court issue a protective order denying plaintiff's request to depose these school children.

I thank the Court for its attention in this matter.

Respectfully submitted,

**ECF**:            /s/
Ivan A. Mendez, Jr.
Assistant Corporation Counsel

cc:    Roosevelt T. Seymour
       (By ECF & Regular Mail)