UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SALVATORE COSTA,

                      Plaintiff,                            07 Civ. 8032 (LAK)(AJP)

        - against -

THE CITY OF NEW YORK and CHIEF JOE FOX,

                    Defendants.
------------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO DISMISS THE COMPLAINT

DAVID M. FISH
COUNSELOR AND ATTORNEY AT LAW
*Attorney for Plaintiff*
500 Fifth Avenue, Suite 5100
New York, New York 10110
(212) 869-1040

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

ARGUMENT ................................................................................................................... 2

    POINT I ...................................................................................................................... 2

        MOTION TO DISMISS STANDARD .................................................................. 2

    POINT II ..................................................................................................................... 3

        PLAINTIFF STATES AN EQUAL PROTECTION VIOLATION AS HE ALLEGES
        THAT HE WAS INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS
        SIMILARLY SITUATED AND THERE IS NO RATIONAL BASIS FOR THE
        DIFFERENCE IN TREATMENT .......................................................................... 3

    POINT III ................................................................................................................... 5

        DEFENDANT FOX IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR
        VIOLATING PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL
        RIGHTS ................................................................................................................. 5

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

Caldwell v. Moore, 968 F.2d 595 (6th Cir. 1992) .............................................................5

Chapman v. YMCA of Greater Buffalo, 161 F.R.D. 21 (W.D.N.Y. 1995) ...................4

Chem. Bank v. Marcou, 209 B.R. 287 (E.D.N.Y. 1997)..................................................5

Diamondstone v. Macaluso, 148 F.3d 113 (2d Cir. 1998) ..............................................5

Harlow v. Fitzgerald, 457 U.S. 800 (1982) .....................................................................5

Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977) .................6

Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998).............................................................2

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).....................................................1, 2

Village of Willowbrook v. Olech, 528 U.S. 562 (2000)  ...........................................1, 2, 3

Wight v. BankAmerica Corp., 219 F.3d 79 (2d Cir. 2000)  ............................................4

## RULES

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 2

Fed. R. Civ. P. 15(a)...........................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff, Salvatore Costa ("Plaintiff"), submits this memorandum of law in opposition to the motion by Defendants The City of New York and Chief Joe Fox (collectively "Defendants") to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).

Defendants use this motion to avoid being forced to answer the claim that Defendants discriminatorily forced Plaintiff to resign and lose his career with the New York City Police Department ("NYPD") after he lawfully performed his duties and properly issued a summons to a friend of Defendant Chief Joe Fox. Defendants spend the bulk of their memorandum arguing a point not at issue in this suit; Plaintiff does not allege a First Amendment violation, but rather asserts an equal protection claim, which is undoubtedly viable under the United States Supreme Court's holding in <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000). In addition, Defendant Fox is not entitled to qualified immunity because Plaintiff alleges that Defendant Fox knowingly violated his clearly established constitutional rights.

We ask this Court to deny Defendants' disingenuous attempt to avoid liability for their egregious and unlawful actions.

## STATEMENT OF FACTS

For purposes of brevity, we respectfully refer the Court to Plaintiff's August 27, 2007 Verified Complaint, attached as Appendix A to Defendants' Memorandum of Law in Support of Their Motion to Dismiss.

## ARGUMENT

## POINT I

## MOTION TO DISMISS STANDARD

In order to analyze Defendants' motion under Rule 12(b)(6), this Court should go no further than the rule reaffirmed in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). At the pleading stage, the plaintiff need only provide a "'short and plain statement'" that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 512-13 (citing Conley v. Gibson, 355 U.S. at 47). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint under Rule 12(b)(6) "only where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Scotto v. Almenas, 143 F.3d 105, 109-110 (2d Cir. 1998) (citation omitted).

Here, Plaintiff alleged the basis for his claim: that Defendants retaliated against him and destroyed his career for lawfully performing his duties as a lieutenant with the New York City Police Department (See Plaintiff's Verified Complaint, ¶¶ 12-28). Plaintiff intends to show, through discovery, that Defendants' actions were directly in response to Plaintiff's lawful performance of his duties and for no legitimate business reason.

2

**POINT II**

**PLAINTIFF STATES AN EQUAL PROTECTION VIOLATION
AS HE ALLEGES THAT HE WAS INTENTIONALLY TREATED
DIFFERENTLY FROM OTHERS SIMILARLY SITUATED AND
THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT**

Defendants' only relevant (albeit flawed) argument is limited to one paragraph on page 5 of its memorandum of law, where they argue that, in order to state a claim for an equal protection violation, Plaintiff must allege that Defendants intentionally discriminated against him on the basis of race, national origin or gender only.[1]  However, under Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam), an individual not alleging invidious discrimination on the basis of membership in a protected category may nevertheless prevail on an equal protection claim provided he shows that "[he] has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." Olech, 528 U.S. at 564 (citation omitted).  Here, Plaintiff has articulated a claim for selective treatment in violation of his equal protection rights.

In Olech, the Supreme Court reaffirmed its recognition of equal protection claims brought by a "class of one," where the plaintiff alleges that the plaintiff has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment; the purpose of the equal protection clause is to secure every person against intentional and arbitrary discrimination.

The Court stated:

> Our cases have recognized successful equal protection claims
> brought by a "class of one," where the plaintiff alleges that she has
> been intentionally treated differently from others similarly situated

---

[1]  Defendants' First Amendment argument is subterfuge and does not bear on this case. Plaintiff does not allege a First Amendment violation.

3

and that there is no rational basis for the difference in treatment. See Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 67 L. Ed. 340, 43 S. Ct. 190 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336, 102 L. Ed. 2d 688, 109 S. Ct. 633 (1989). In so doing, we have explained that "'the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" Sioux City Bridge Co., supra, at 445 (quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352, 62 L. Ed. 1154, 38 S. Ct. 495 (1918)).

Plaintiff alleges that Defendants – through the direction and under the authority of Defendant Fox – initiated a campaign to destroy Plaintiff's distinguished career with the NYPD, after Plaintiff lawfully issued a summons to Defendant Fox's friend. Defendants' retaliation began immediately (the very next day) after Plaintiff issued the summons (Complaint ¶¶ 12-16). Plaintiff was singled out for retaliation, and the actions taken against him (Complaint ¶¶ 18-26) were for no legitimate purpose.

Finally, to the extent the Court believes that Plaintiff needed to specifically plead that other similarly situated police officers who lawfully issued summons were not retaliated against, we request leave to amend Plaintiff's complaint to add such an allegation. Under Fed. R. Civ. P. 15(a), "leave [to amend a complaint] shall be freely given when justice so requires." As the court in Chapman v. YMCA of Greater Buffalo, 161 F.R.D. 21, 24 (W.D.N.Y. 1995) emphasized, "[t]he stated purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." See also Wight v. BankAmerica Corp., 219 F.3d 79, 91 (2d Cir. 2000) (leave to amend should be freely granted in the interest of justice). Thus, "[a]mendments to pleadings are favored as a general matter, and unless there is good reason to deny a motion to amend, failure to grant it is an abuse of

discretion." Chem. Bank v. Marcou, 209 B.R. 287, 294 (E.D.N.Y. 1997). Defendants cannot

possibly provide any good reason to deny Plaintiff's right to amend, as they cannot demonstrate

bad faith, futility, or the prospect of either undue delay or prejudice. Therefore, at a very

minimum, Plaintiff should be granted leave to amend the Complaint so that he may have a fair

opportunity to have his claims considered on the merits.

## POINT III

### DEFENDANT FOX IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR VIOLATING PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS

Qualified immunity protects government officials performing discretionary functions

from liability for civil damages when their conduct does not violate any clearly established

statutory or constitutional rights of which a reasonable person would have been aware. See

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "A right is 'clearly established' if 'the contours

of the right [are] sufficiently clear that a reasonable official would understand that what he is

doing violates that right.'" Diamondstone v. Macaluso, 148 F.3d 113, 126 (2d Cir. 1998)

(citation omitted).

> By defining the limits of qualified immunity essentially in objective terms, we provide no license to lawless conduct. The public interest in deterrence of unlawful conduct and in compensation of victims remains protected by a test that focuses on the objective legal reasonableness of an official's acts. Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action.

Harlow, 457 U.S. at 819. It cannot be argued in good-faith that Defendant Fox did not know that

Plaintiff had a right to be free from retaliation for lawfully performing his duties as a New York

City Police lieutenant. See Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992) (official may

5

be granted immunity if officers of reasonable competence could disagree concerning whether specific conduct violates a plaintiff's rights.).[2]  There can be no disagreement that taking unjustified steps to ruin a NYPD lieutenant's career because he issued a lawful summons to a Captain's friend is both constitutionally prohibited, let alone repugnant to a reasonable person's sensibilities.

---

[2]  It is also worth noting that the retaliation alleged by Plaintiff (2004) was prior to Garcetti v. Ceballos, 547 U.S. 410 (2006), when Plaintiff's actions were arguably protected First Amendment speech. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 283-84 (1977) (governmental action taken in retaliation for the exercise of free speech rights normally violates the First Amendment).

**CONCLUSION**

Defendants' motion to dismiss Plaintiff's complaint should be denied or, at a minimum,

Plaintiff should be granted leave to amend his complaint to allege that other similarly situated

police officers who lawfully issued summons were not retaliated against.

Dated: New York, New York
       November 15, 2007

                                        Respectfully submitted,
                                        **DAVID M. FISH**
                                        **COUNSELOR AND ATTORNEY AT LAW**

                                        By: *David Fish*
                                             David M. Fish (7606)
                                        *Attorney for Plaintiff*
                                        500 Fifth Avenue, Suite 5100
                                        New York, New York  10110
                                        (212) 869-1040

TO:    Ivan A. Mendez, Jr., Esq.
       Assistant Corporation Counsel
       The City of New York Law Department
       *Attorneys for Defendants*
       100 Church Street
       New York, New York  10007-2601