DAVID M. FISH
COUNSELOR AND ATTORNEY AT LAW
*Attorney for Plaintiff*
500 Fifth Avenue
Suite 5100
New York, New York 10110
(212) 869-1040
    David M. Fish (7606)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
SALVATORE COSTA,

              **Plaintiff,**          07 Civ. 8032 (LAK)(AJP)

    -against-                  **FIRST AMENDED**
                                        **VERIFIED COMPLAINT**

**THE CITY OF NEW YORK**         **PLAINTIFF DEMANDS**
**and CHIEF JOE FOX,**           **A TRIAL BY JURY**

              **Defendants.**
------------------------------------X

Plaintiff, Salvatore Costa, by and through his attorney, David M. Fish, complaining of the Defendants, The City of New York and Police Chief Joe Fox, respectfully alleges as follows:

### INTRODUCTION

1.    This is a proceeding for damages to redress the deprivation of rights secured to the Salvatore Costa under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983, as a result of Defendants retaliation against him for lawfully performing his duties as a lieutenant with the New York City Police Department. The Defendants' actions were motivated solely by a spiteful effort to "get" Plaintiff for reasons wholly unrelated to any

legitimate state objective. This unlawful retaliation has led to the destruction of Costa's professional career, and caused both him and his family extreme emotional distress.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1343(3).

3. Venue lies in the United States District Court for the Southern District of New York, this being the District in which the claim arose and the Defendants are found.

## PARTIES

4. Plaintiff Salvatore Costa ("Plaintiff") is a male citizen and is a resident of the State of New Jersey.

5. Upon information and belief, Defendant the City of New York (the "City") is a municipal corporation within the State of New York.

6. Upon information and belief, the New York City Police Department ("NYPD") is a department or agency of the City and it is responsible for the appointment, training, supervision, promotion and discipline of all employees of the Defendant NYPD including the police officers at issue.

7. Upon information and belief, Defendant Chief Joe Fox was, at all relevant times, an employee of the NYPD and the City.

8. At all times hereinafter mentioned, Defendant Joe Fox ("Defendant Fox") was acting as an agent, servant and employee of the NYPD and the City, and acting under color of state law.

## **STATEMENT OF FACTS**

9. Plaintiff began his employment as a police officer with the NYPD on July 16, 1984.

10. In December 1998, Plaintiff was promoted to sergeant.

11. In March 2002, Plaintiff was promoted to lieutenant.

12. On October 18, 2004, Plaintiff lawfully issued a summons to Louis A. Campanelli for failing to wear a seatbelt while driving a motor vehicle.

13. Campanelli is a retired NYPD sergeant.

14. Campanelli worked with Defendant Fox when they were police officers.

15. Campanelli and Fox continue to be friends today.

16. On October 19, 2004, at the direction of Defendant Fox, Captain Dominik Collisuano called Plaintiff at his home and stated that Plaintiff was "in big trouble" because he wrote a summons to Campanelli.

17. Collisuanno demanded a copy of the summons.

18. On October 21, 2004, NYPD Inspectors, Captain Jackle and Lieutenant Richard Tully arrived at Plaintiff's precinct while he was conducting roll-call to his platoon of three sergeants and approximately sixty police officers.

19. Captain Jackle and Lieutenant Tully searched Plaintiff's locker and uniform shirt and pants pockets, purportedly seeking a memo book that Plaintiff reported missing.

20. This action was against NYPD procedures and done exclusively to embarrass Plaintiff in front of his platoon and undermine his authority.

21. On October 28, 2004, Plaintiff was sent to the NYPD inspections unit and was interrogated for two hours as to why he issued a summons to Campanelli.

22. Following the interrogation, Plaintiff was transferred to the 69th Precinct, the furthest Brooklyn precinct from Plaintiff's home.

23. At the 69th precinct, Plaintiff was assigned to the day shift, which resulted in a 10% decrease in salary.

24. At the 69th precinct, Plaintiff was not permitted any time off, pursuant to orders from Defendant Fox.

25. At the 69th precinct, Plaintiff's performance came under absurd and unnecessary level of scrutiny – purportedly at Defendant Fox's directions – designed to force Plaintiff to retire.

26. Upon information and belief, no other police officer, lieutenant, or sergeant has been singled out by Defendants and treated vindictively as outlined above.

27. Specifically, Defendants have never sought to force a police officer, lieutenant, or sergeant to retire because they issued a summons to a friend of a police supervisor.

28. Captain Collisuanno and representatives from the Lieutenants Benevolent Association informed Plaintiff that he will be under extreme scrutiny until he retires.

29. Plaintiff did not wish to retire; he loved his job prior to October 19, 2004, and planed to work at least until the age of 55.

30. However, no reasonable person could emotionally continue to work under the conditions that Plaintiff was subjected to.

31. As a result of the persistent and unrelenting harassment and retaliation, Plaintiff chose to retire (was constructively discharged) on December 31, 2004.

32. As a result of the acts of Defendants, Plaintiff has suffered economic and emotional harm.

33. The Defendants' acts were performed with malice and reckless indifference to Plaintiff's protected civil rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (EQUAL PROTECTION UNDER THE LAW)

34. Plaintiff repeats each and every allegation above with the same force and effect as if fully set forth herein.

35. Defendants forced Plaintiff to resign (constructive discharge) his employment with the NYPD, after they deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, by retaliating against him for obeying the law as a police officer.

36. Plaintiff may bring this equal protection claim as a "class of one" as he alleges that he was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment.

37. All of the above mentioned acts of Defendants, their agents, servants and employees, were carried out under color of state law.

38. All of the above mentioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by Defendant Fox in his official capacities as a police officer/police chief, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by Defendant Fox in his official capacity as a police officer/police chief, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

42. Plaintiff repeats each and every allegation above with the same force and effect as if fully set forth herein.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The above mentioned customs, policies, usages, practices, procedures and rules of the City and the NYPD included, but were not limited to the use of retaliation against police officers lawfully performing their duties, if such performance tended to implicate a fellow officer in the commission of a crime or violation.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD constituted deliberate indifference to the well-being and constitutional rights of Plaintiff.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

47. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD, Plaintiff was compelled to retire from his employment, causing him economic damage and extreme emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against the defendants for;

1     Compensatory damages in an amount that the trier of fact considers just and fair;

2     Punitive damages in an amount that the trier of fact considers sufficient to punish and deter each defendant against whom these damages are awarded;

3     Costs of suit;

4     Reasonable attorney's fees; and

5     All other relief that is just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff herein demands a trial by jury of all issues in this action.

Dated:     New York, New York
             December 9, 2007

                                        DAVID M. FISH
                                        COUNSELOR AND ATTORNEY AT LAW

                                        By: *David Fish*
                                              David M. Fish (7606)
                                        *Attorney for the Plaintiff*
                                        500 Fifth Avenue
                                        Suite 5100
                                        New York, New York 10110
                                        (212) 869-1040

## VERIFICATION

STATE OF NEW ~~JERSEY~~ YORK )
                            ) ss:
COUNTY OF NEW YORK )

I, SALVATORE COSTA, being duly sworn, depose and say: I am the plaintiff in the above-entitled action; I have read the foregoing First Amended Verified Complaint and know the contents thereof, and same are true to my own knowledge, except for the matters herein to be alleged upon information and belief, and as to those matters, I believe it to be true.

_____
SALVATORE COSTA

Sworn to before me this
_11_ day of December 2007

_____
Notary Public

DAVID FISH
Notary Public State of New York
Reg. No. 02FI6106018
Qualified in County of Queens
Commission Expires Feb. 23, 20_11_

-9-