UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SALVATORE COSTA,

                    Plaintiff,                    07 Civ. 8032 (LAK)(AJP)

   - against -

THE CITY OF NEW YORK and CHIEF JOE FOX,

                    Defendants.
------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO DISMISS
<u>THE AMENDED COMPLAINT</u>**


DAVID M. FISH
COUNSELOR AND ATTORNEY AT LAW
*Attorney for Plaintiff*
500 Fifth Avenue, Suite 5100
New York, New York 10110
(212) 869-1040

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    POINT I ............................................................................................................................ 2

        MOTION TO DISMISS STANDARD ....................................................................... 2

    POINT II ........................................................................................................................... 2

        PLAINTIFF PLEADS A CONSTRUCTIVE DISCHARGE ...................................... 2

    POINT III .......................................................................................................................... 5

        PLAINTIFF STATES AN EQUAL PROTECTION VIOLATION AS HE ALLEGES THAT HE WAS INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS SIMILARLY SITUATED AND THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT .................................................................................. 5

    POINT IV .......................................................................................................................... 7

        DEFENDANT FOX IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR VIOLATING PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS ........................................................................................................................ 7

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**

Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006) ................................. 4

Caldwell v. Moore, 968 F.2d 595 (6th Cir. 1992) ............................................................................ 8

Chertkova v. Connecticut General Life Ins. Co., 92 F.3d 81 (2d Cir. 1996) ................................... 3

DeMuria v. Hawkes, 328 F.3d 704 (2d Cir. 2003) .......................................................................... 7

Diamondstone v. Macaluso, 148 F.3d 113 (2d Cir. 1998) .............................................................. 8

Graham v. Long Island R.R., 230 F.3d 34 (2d Cir. 2000) ............................................................... 7

Harlow v. Fitzgerald, 457 U.S. 800 (1982) .................................................................................. 7, 8

King v. Friend of a Farmer Corp., 2001 U.S. Dist. LEXIS 10630 (S.D.N.Y. 2001) ....................... 4

Lovell v. Comsewogue Sch. Dist., 214 F.Supp.2d 319 (E.D.N.Y. 2002) ........................................ 6

Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977) ................... 8

Pena v. Brattleboro Retreat, 702 F.2d 322 (2d Cir. 1983) ............................................................... 3

Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998) ............................................................................. 2

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) ....................................................................... 2

T.S. Haulers, Inc. v. Town of Riverhead, 190 F.Supp.2d 455 (E.D.N.Y. 2002) ............................. 6

Village of Willowbrook v. Olech, 528 U.S. 562 (2000) ............................................................. 1, 5

Wanamaker v. Columbian Rope Co., 108 F.3d 462 (2d Cir. 1997) ................................................ 4

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

## PRELIMINARY STATEMENT

Plaintiff, Salvatore Costa ("Plaintiff"), submits this memorandum of law in opposition to Defendants The City of New York and Chief Joe Fox's (collectively "Defendants") motion to dismiss Plaintiff's First Amended Verified Complaint under Fed. R. Civ. P. 12(b)(6).

As stated in Plaintiff's prior memorandum, Defendants use this motion to avoid being forced to answer the claim that they discriminatorily forced Plaintiff to resign and lose his career with the New York City Police Department ("NYPD") after he lawfully performed his duties and properly issued a summons to a friend of Defendant Chief Joe Fox. Plaintiff sufficiently alleges an equal protection claim under the United States Supreme Court's holding in Village of Willowbrook v. Olech, 528 U.S. 562 (2000), as well as a claim for constructive discharge. In addition, Defendant Fox is not entitled to qualified immunity because Plaintiff alleges that Defendant Fox knowingly violated his clearly established constitutional rights.

We again ask this Court to deny Defendants' disingenuous attempt to avoid liability for their egregious and unlawful actions. This case should proceed to discovery.

## STATEMENT OF FACTS

For purposes of brevity, we respectfully refer the Court to Plaintiff's First Amended Verified Complaint, attached as Appendix A to Defendants' Memorandum of Law in Support of Their Motion to Dismiss.

**ARGUMENT**

**POINT I**

**MOTION TO DISMISS STANDARD**

In order to survive Defendants' motion under Rule 12(b)(6), Plaintiff need only provide a "'short and plain statement'" that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002) (citing Conley v. Gibson, 355 U.S. at 47). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint under Rule 12(b)(6) "only where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Scotto v. Almenas, 143 F.3d 105, 109-110 (2d Cir. 1998) (citation omitted).

Here, Plaintiff alleged the basis for a viable claim: that Defendants singled him out, retaliated against him, and destroyed his career for lawfully performing his duties as a lieutenant with the New York City Police Department (See Plaintiff's Verified Complaint, ¶¶ 12-28). Plaintiff intends to show, through discovery, that Defendants' actions were directly in response to Plaintiff's lawful performance of his duties and for no legitimate business reason, thereby supporting an equal protection claim.

**POINT II**

**PLAINTIFF PLEADS A CONSTRUCTIVE DISCHARGE**

Plaintiff's allegations that, as a respected New York City Police lieutenant, he was placed under extreme and unjustified scrutiny, humiliated in front of his peers, and promised that he

2

would be under extreme scrutiny until he retired, sufficiently lay the foundation for a constructive discharge claim. (See Plaintiff's Verified Complaint, ¶¶ 16-28).

A constructive discharge exists "when the employer . . . 'deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.'" See Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983) (citation omitted). "'[T]he trier of fact must be satisfied that the . . . working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" Id. (citation omitted).

In Chertkova v. Connecticut General Life Ins. Co., 92 F.3d 81 (2d Cir. 1996), the Second Circuit described the type of evidence necessary for a plaintiff/employee to survive a summary judgment motion where the issue is constructive discharge. The district court in Chertkova granted summary judgment in favor of the defendant/employer on plaintiff's constructive discharge claim. The Second Circuit reversed. In so doing, the Court noted that the plaintiff's evidence, when "[v]iewed as a whole, . . . , if proven, would permit a finder of fact to conclude that Chertkova was forced to resign." 92 F.3d at 90. That evidence included allegations that plaintiff's supervisor yelled at her in insulting terms; told her she was "too expensive," and mocked her when she attempted to explain she was at the bottom of the pay range for her position." Id. at 89. Additionally, plaintiff Chertkova presented evidence from which it could be inferred "that she was treated arbitrarily and severely criticized despite her strong performance." Id. The Court specifically found that "a reasonable person in Chertkova's position might have inferred from the circumstances, including the onslaught of unfounded criticism coupled with the threat of immediate termination, that she was compelled to leave." Id. at 90. The Second Circuit emphasized "that if only one of the work conditions enumerated by the district court were

3

present, it might not be enough to demonstrate constructive discharge." Id. Stressing that "the effect of a number of adverse conditions in the workplace is cumulative[,]" the Court expressly held that "it was error to treat the various conditions as separate and distinct rather than additive." Id.; see also King v. Friend of a Farmer Corp., 2001 U.S. Dist. LEXIS 10630, at *9 (S.D.N.Y. 2001) (reviewing evidence in the light most favorable to Plaintiff, a reasonable trier of fact could find that Plaintiff was constructively discharged).

The cases cited by Defendants contain facts that are far less severe than those in this case. This is not a case about "nasty looks" and "angry silences," (see Nugent v. St. Luke's/Roosevelt Hosp. Ctr., No. 05 Civ. 5109, 2007 U.S. Dist. LEXIS 28274, *28 (S.D.N.Y. April 18, 2007)) but rather about the humiliation of a New York City Police lieutenant through specific acts of retaliation and the explicit promise to abuse and harass him until he retires.

We also address Defendants' argument that "none of the actions of which plaintiff complains are materially adverse employment actions." This argument conveniently ignores the Supreme Court's holding in Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006), which stated that a plaintiff claiming retaliation under Title VII need only show that a reasonable employee would have found the alleged retaliatory actions "materially adverse" in that they well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. See also Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997) ("[Title VII] does not define adverse employment action solely in terms of job termination or reduced wages and benefits, and that less flagrant reprisals by employers may indeed be adverse."). Defendants' actions would certainly dissuade a reasonable employee from making a discrimination complaint or, here, lawfully performing their duties.

This Court should allow a jury to determine whether a reasonable person in Plaintiff's shoes would have been compelled to exercise the option of early retirement, even if it went against that employee's career goals.

## POINT III

### PLAINTIFF STATES AN EQUAL PROTECTION VIOLATION AS HE ALLEGES THAT HE WAS INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS SIMILARLY SITUATED AND THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT

Under Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam), an individual not alleging invidious discrimination on the basis of membership in a protected category may nevertheless prevail on an equal protection claim provided he shows that "[he] has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." Olech, 528 U.S. at 564 (citation omitted). Here, Plaintiff has articulated a claim for selective treatment in violation of his equal protection rights.[1]

In Olech, the Supreme Court reaffirmed its recognition of equal protection claims brought by a "class of one," where the plaintiff alleges that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment; the purpose of the equal protection clause is to secure every person against intentional and arbitrary discrimination.

The Court stated:

> Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 67 L.

---

[1] Again, Defendants' First Amendment argument is subterfuge and does not bear on this case. Plaintiff does not allege a First Amendment violation.

5

> Ed. 340, 43 S. Ct. 190 (1923); <u>Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.</u>, 488 U.S. 336, 102 L. Ed. 2d 688, 109 S. Ct. 633 (1989). In so doing, we have explained that "'the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" <u>Sioux City Bridge Co.</u>, supra, at 445 (quoting <u>Sunday Lake Iron Co. v. Township of Wakefield</u>, 247 U.S. 350, 352, 62 L. Ed. 1154, 38 S. Ct. 495 (1918)).

Plaintiff alleges that Defendants – through the direction and under the authority of Defendant Fox – initiated a campaign to destroy Plaintiff's distinguished career with the NYPD, after Plaintiff lawfully issued a summons to Defendant Fox's friend. Defendants' retaliation began immediately (the very next day) after Plaintiff issued the summons (Complaint ¶¶ 12-17). Plaintiff was singled out for retaliation, and the actions taken against him (Complaint ¶¶ 18-28) were for no legitimate purpose. These allegations satisfy <u>Olech</u>'s pleading requirements: he was intentionally singled out by Defendants and Defendants acted with no legitimate governmental purpose.

Defendants suggest an unrealistic and impossible "similarly situated" burden that Plaintiff must meet (<u>See</u> Defendants' Memorandum of Law, p. 8) in an effort to convince this Court that Plaintiff does not satisfy the <u>Olech</u> pleading requirements; such a burden (to provide an "exact correlation" between his situation and the situation of others) could not have been intended.[2] Moreover, the Second Circuit has held that a "class of one" plaintiff is not required to

---

[2] For example, in <u>Lovell v. Comsewogue Sch. Dist.</u>, 214 F. Supp. 2d 319 (E.D.N.Y. 2002), the plaintiff contended that she was subjected to a hostile work environment and that the defendants failed to address her complaints of harassment based on sexual orientation in the same manner that they handled complaints of harassment based on race. The plaintiff in <u>Lovell</u> alleged that when a black teacher had the word "nigger" written on her blackboard, the school called in the Police Bias Unit and the School District held numerous faculty meetings concerning the incident. Similarly, when a student used the same racial epithet against another student, the offending student was suspended. On the other hand, when students harassed Lovell due to her sexual orientation, including calling her a "dyke," no action was taken. The defendants in <u>Lovell</u> made an argument similar to the Defendants in this case: that Lovell was trying to compare apples to oranges. This <u>Lovell</u> Court rejected this argument, as an "exact correlation

6

allege specific instances of how others similarly situated were treated differently, such as "naming names." See DeMuria v. Hawkes, 328 F.3d 704 (2d Cir. 2003) (general allegations supported by the record that defendant officer's application of a different standard of police protection than typically afforded other town residents sufficient). Plaintiff should be permitted discovery to fully present such a record.

Lastly, Defendants' "slippery-slope" argument offers a parade of horribles that will occur if this Court allows Plaintiff to pursue his claim. The fallacy here is the assumption that something is wrong simply because it is right next to something that is wrong. Whether other courts may be persuaded to permit non-viable claims to proceed is not part of this Court's inquiry; this is a viable claim. In any event, it is far from wrong to have Defendants articulate a good-faith and rational basis for their treatment of Plaintiff. It is far from wrong to punish Defendants for committing acts motivated solely by a spiteful effort to damage Plaintiff for reasons wholly unrelated to any legitimate state objective.

## POINT IV

### DEFENDANT FOX IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR VIOLATING PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS

Qualified immunity protects government officials performing discretionary functions from liability for civil damages when their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have been aware. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "A right is 'clearly established' if 'the contours

---

is neither likely or necessary." T.S. Haulers, Inc. v. Town of Riverhead, 190 F. Supp. 2d 455, 463 (E.D.N.Y. 2002). Instead, the question is whether "a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Id. Here, Plaintiff has alleged that he was treated differently than other similarly situated police employees, which is sufficient to support an equal protection claim at this stage of the litigation. See also Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000) (whether employees are similarly situated, for purposes of Title VII, is a question of fact for the jury).

7

of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Diamondstone v. Macaluso, 148 F.3d 113, 126 (2d Cir. 1998) (citation omitted).

> By defining the limits of qualified immunity essentially in objective terms, we provide no license to lawless conduct. The public interest in deterrence of unlawful conduct and in compensation of victims remains protected by a test that focuses on the objective legal reasonableness of an official's acts. Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action.

Harlow, 457 U.S. at 819. Defendant Fox certainly knew that Plaintiff had a right to be free from retaliation for lawfully performing his duties as a New York City Police lieutenant. See Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992) (official may be granted immunity if officers of reasonable competence could disagree concerning whether specific conduct violates a plaintiff's rights.).[3] There can be no disagreement that taking unjustified steps to ruin a NYPD lieutenant's career because he issued a lawful summons to a Captain's friend is both constitutionally prohibited, let alone repugnant to a reasonable person's sensibilities.

---

[3] The retaliation alleged by Plaintiff (2004) was conducted prior to Garcetti v. Ceballos, 547 U.S. 410 (2006), when Plaintiff's actions were arguably also protected First Amendment speech. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 283-84 (1977) (governmental action taken in retaliation for the exercise of free speech rights normally violates the First Amendment).

8

## CONCLUSION

Defendants' motion to dismiss Plaintiff's complaint should be denied. It is now time for Defendants to explain to this Court, and ultimately a jury, why certain actions were taken against a dedicated and decorated New York City Police employee for performing his duties like any other employee in his position should.

Dated: New York, New York
      January 4, 2008

                                Respectfully submitted,
                                DAVID M. FISH
                                COUNSELOR AND ATTORNEY AT LAW

                                By: *David Fish*
                                      David M. Fish (7606)
                                *Attorney for Plaintiff*
                                500 Fifth Avenue, Suite 5100
                                New York, New York  10110
                                (212) 869-1040

TO:    Ivan A. Mendez, Jr., Esq.
           Assistant Corporation Counsel
           The City of New York Law Department
           *Attorneys for Defendants*
           100 Church Street
           New York, New York  10007-2601