# MEMO ENDORSED



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

**MICHAEL A. CARDOZO**
*Corporation Counsel*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/08

IVAN A. MENDEZ JR.
*Assistant Corporation Counsel*
Room 2-184
Telephone (212) 788-8688
Fax No (212) 788-0940
Email imendez@law.nyc.gov

February 22, 2008

**BY HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 1310
New York, New York 10007-1312

Re: Costa v. City of New York, et al.,
07 Civ. 8032 (LAK)(AJP)
Law Dep't. No.: 2007-029207

Dear Judge Kaplan:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action in which plaintiff asserts a "class of one" theory of liability under the Equal Protection Clause. I write to respectfully request that the Court stay discovery, pursuant to Rule 26(c), pending the disposition of defendants' motion to dismiss the Amended Complaint, which has been fully briefed. Plaintiff consents to this stay of discovery pending resolution of the motion to dismiss.

**Background & Procedural History**

Plaintiff, a former Lieutenant employed by the City of New York ("City") in the City's Police Department ("NYPD"), brings this action pursuant to 42 U.S.C. § 1983, under a "class of one" Equal Protection Clause theory. Plaintiff alleges that defendants retaliated against him and constructively discharged him from his employment for issuing a summons to a "friend" of Deputy Commissioner Joseph Fox (sued herein as "Chief Fox").

On November 6, 2007, defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6). By order, dated November 28, 2007, the Court granted defendants' motion, and dismissed the Complaint with leave to re-plead. On December 12, 2007, plaintiff filed an amended complaint and, on December 27, 2007, defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6), for failure to sate a claim.

HONORABLE LEWIS A. KAPLAN
United States District Judge
Costa v. City of New York, et al.,
07 Civ. 8032 (LAK)(AJP)
February 22, 2008
Page 2 of 4

The grounds for the motion are as follows:

- plaintiff's "class of one" claim fails because there is no allegation that plaintiff belongs to a suspect class, or that a fundamental right is involved;

- plaintiff fails to state a claim for constructive discharge under federal law because no reasonable person would have found plaintiff's work environment so intolerable that plaintiff was forced into involuntary resignation; and

- Chief Fox is shielded from suit by the doctrine of qualified immunity because the alleged constitutional right asserted by plaintiff was not clearly established at the time plaintiff retired from the NYPD and, indeed, is not clearly established today.

One day after the defendants' motion was fully briefed, on January 15, 2008, defendants' counsel apprised the Court, by letter, that the Supreme Court had recently granted certiorari in Engquist v. Oregon Dept. of Agric., 478 F.3d 985 (9th Cir. 2007), on the following issue:

> Whether traditional equal protection 'rational basis' analysis under Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed. 2d 1060 (2000) applies to public employers who intentionally treat similarly situated employees differently with no rational bases for arbitrary, vindictive or malicious reasons.

Supreme Court Docket No. 07-474. The case is set to be argued to the Court on April 21, 2008. Id.

**A Stay of Discovery Is Appropriate And Will Not Prejudice Plaintiff**

Under Rule 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 114 (E.D.N.Y. 2006) (citations omitted); see Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Factors to be considered include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id.

ʌNORABLE LEWIS A. KAPLAN
United States District Judge
Costa v. City of New York, et al.,
07 Civ. 8032 (LAK)(AJP)
February 22, 2008
Page 3 of 4

       First, the instant motion to dismiss is very strong. To summarize, as pled in the Amended Complaint, the conduct of defendants does not implicate a constitutional right and does not, as a matter of law, constitute a constructive discharge, and qualified immunity shields the sole individual defendant from suit. Moreover, the Supreme Court may well resolve legal issues concerning the "class of one" theory later this term. Defendants' motion does not depend on any facts which might be elicited during discovery. Therefore, under the first prong of the Rule 26(c) test, a stay of discovery is appropriate in this case. See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1997).

       Second, and perhaps most importantly, as noted above, plaintiff does not oppose a stay of discovery, and this is the surest indication that plaintiff will not prejudiced by the requested stay. In addition, it should be noted that plaintiff seeks only monetary damages rather than equitable relief. It can be assumed, therefore, that whatever delay, if any, that occurs by reason of the stay will be fully compensated at the end of this case, should plaintiff be successful. Given plaintiff's consent and the lack of prejudice to plaintiff, a stay of discovery is appropriate under the third prong of the Rule 26(c) test. See Chesney, 236 F.R.D. at 114; U.S. v. County of Nassau, 188 F.R.D. at 188.

       Third, there has not been an exchange of discovery requests and thus, the second prong of the Rule 26(c) test does not weigh either for or against a stay here. However, if successful, defendants' motion to dismiss will dispose of the case in its entirety. To proceed with discovery under such circumstances may unnecessarily waste scarce judicial resources as well as the time and effort of the parties. This is an important consideration where, as here, public sector resources are at issue. As one District Court in New York explained in granting a stay of discovery: where "defendants are municipal entities who provide public services," compliance with discovery pending the outcome of a motion to dismiss "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." Chesney, 236 F.R.D. at 116; see U.S. v. County of Nassau, 188 F.R.D. at 189 (considering "the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery" as an additional reason to grant a stay of discovery).

       Moreover, one of the grounds for the motion to dismiss is qualified immunity, which shields a government official not only from liability but also from the burdens of litigating, including discovery. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806 (1985). To permit discovery to proceed while the qualified immunity motion is pending would defeat the purpose of the immunity defense.

       As demonstrated above, "the interests of fairness, economy and efficiency" favor the issuance of a stay of discovery. County of Nassau, 188 F.R.D. at 189.

       For all of the foregoing reasons, defendants respectfully request that the Court stay discovery pending resolution of their motion to dismiss.

HONORABLE LEWIS A. KAPLAN
United States District Judge
Costa v. City of New York, et al.,
07 Civ. 8032 (LAK)(AJP)
February 22, 2008
Page 4 of 4

      We thank the Court for its consideration of this request.

                        Respectfully submitted,

                        Ivan A. Mendez, Jr.
                        Assistant Corporation Counsel

cc:    David M. Fish
        (By Regular Mail)

SO ORDERED
_____
LEWIS A. KAPLAN, USDJ