UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SALVATORE COSTA,

                     Plaintiff,


              -against-                                   07 Civ. 8032 (LAK)


THE CITY OF NEW YORK, et ano.,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER


LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, a retired New York City police lieutenant, claims here that he gave a summons to someone who turned out to be a friend of defendant Chief Joe Fox and that Fox retaliated against him in ways that forced him to retire.  He claims that these actions violated his right to equal protection of the laws and seeks only damages.  There is no claim for reinstatement.

        Defendants move to dismiss the amended complaint for failure to state a claim upon which relief may be granted.  Fox seeks dismissal also on the ground of qualified immunity, and both defendants seek dismissal of so much of the claim as purports to allege constructive discharge.


*The "Class of One" Equal Protection Claim*

        Plaintiff alleges that "he was intentionally treated differently from others similarly situated and [that] there is no rational basis for the difference . . ." Am. Cpt. ¶ 36.  His constitutional claim thus rests on *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000), in which the Supreme

Court held that the Equal Protection Clause may be offended where a state actor treats an individual differently than other similarly situated persons without any rational basis for doing so.

Defendants argue, in reliance on *Neilson v. D'Angelis,* 409 F.3d 100, 104 (2d Cir. 2005), that the amended complaint does not allege the "extremely high degree of similarity between [plaintiff] and the persons to whom [he] compare[s]" himself.  Def. Mem. 7.  But they mistake the standard applicable at this stage.  In *DeMuria v. Hawkes,* 328 F.3d 704, 706-07 (2d Cir. 2003), the Circuit indicated that "a general allegation" of disparate treatment was sufficient for pleading purposes.  Indeed, in *Cohn v. New Paltz Central School District,* 171 Fed. Appx. 877, 879 (2d Cir. 2006), albeit in a decision not officially reported and therefore lacking precedential value, a panel said:

> "This Court has never held that the required showing articulated in *Neilson* for a Equal Protection "class of one" claim applies at the pleading stage. On the contrary, in *DeMuria v. Hawkes,* 328 F.3d 704, 707 (2d Cir.2003), we held that at the pleading stage, a complaint alleging a 'class of one' Equal Protection violation need not identify actual instances where others have been treated differently, and that it is sufficient to make the more general allegation that similarly-situated people have been treated differently . . ."

Accordingly, plaintiff's "class of one" claim is sufficient, if only barely so, to withstand a Rule 12(b)(6) motion.

*Qualified Immunity*

Defendant Chief Fox seeks dismissal on the ground of qualified immunity.  He argues that the law was not clearly established at the time he acted and, in any case, that it was objectively reasonable for him to believe that his actions did not violate any rights of the plaintiff.  This argument too is without merit at this stage of the action.

The amended complaint charges that Chief Fox initiated a campaign of harassment against plaintiff in 2004 in retaliation for plaintiff's issuance of a summons to a friend of his.  As *Cobb v. Pozzi,* 363 F.3d 89 (2d Cir. 2004), makes clear, the standards governing "class of one" Equal Protection claims have been clearly established at least since *African Trade & Info. Ctr. v. Abromaitis,* 294 F.3d 355 (2d Cir. 2002).  *Cobb,* 363 F.3d at 111.  Likewise, the question whether it was objectively reasonable for Fox to have treated plaintiff as he did cannot be determined on this pleading.  *See id.* at 111-12.

*Constructive Discharge*

As an initial matter, it perhaps will be of interest to note exactly what plaintiff appears to be trying to accomplish with the claim of constructive discharge.  Plaintiff joined the police department in 1984 and retired at the end of 2004.  He therefore had 20 years of service and, as the amended complaint does not allege anything to the contrary, presumably retired with the standard police pension.  He seeks only damages, not reinstatement.  Thus, the consequence of the constructive discharge claim, if plaintiff were to prevail on it, would be to give plaintiff the difference between his pension and the compensation he would have been paid had he not retired, albeit without plaintiff performing any services.  The Court nevertheless puts this to one side and considers only the sufficiency of the allegations of the amended complaint.

The incident that allegedly provoked the disparate treatment complained of is said to have occurred on October 19, 2004.  Plaintiff retired effective December 31, 2004.  The amended complaint alleges that the events that resulted in plaintiff's retirement from the police department were the following:  (1) a telephone call in which plaintiff was told he was "in big trouble" for

having written the summons, Am. Cpt. ¶ 16, (2) a search of plaintiff's locker and uniform pockets allegedly undertaken in front of his platoon, *id.* ¶¶ 18-20, (3) a two hour interrogation, *id.* ¶ 21, (4) a transfer to a precinct that involved a longer commute, *id.* ¶ 22,(5) assignment to a day shift, which involved the loss of 10 percent of plaintiff's salary, presumably as a result of the loss of a night differential, *id.* ¶ 23, and (6) enhanced scrutiny on the job, *id.* ¶ 25.

"To establish a 'constructive discharge,' a plaintiff must show that the employer deliberately ma[de his] working conditions so intolerable that [he was] forced into an involuntary resignation." *Stenson v. NYNEX,* 995 F.2d 355, 360 (2d Cir. 1993) (internal quotation marks omitted). But such a claim is not made out "simply through evidence that an employee was dissatisfied with the nature of his assignments." *Id.* "Nor is it sufficient that the employee feels that the quality of his work has been unfairly criticized." *Id.* "[E]vidence of hypercritical supervision [also falls] short of permitting an inference of constructive discharge." *Id.* "Nor is the standard for constructive discharge merely whether the employee's working conditions were difficult or unpleasant." *Id.* Indeed,

> "a claim of constructive discharge must be dismissed as a matter of law unless the evidence is sufficient to permit a rational trier of fact to infer that the employer deliberately created working conditions that were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Id.* at 361 (internal quotation marks and citations omitted).

The Court for purposes of this motion assumes the truth of plaintiff's allegations and gives him the benefit of any reasonable inferences therefrom. This includes the assumption that Chief Fox deliberately caused the actions of which plaintiff complains. Nonetheless, the Court concludes that no trier of fact rationally could conclude that a reasonable person in plaintiff's position – a position in which the only continuing adverse circumstances were the assignment to a

5

precinct somewhat further from his home and the loss of the night differential – "would have felt compelled to resign."

*Conclusion*

Defendants motion to dismiss the amended complaint is granted to the extent that plaintiff's claim of constructive discharge is dismissed.  It is denied in all other respects.

SO ORDERED.

Dated:    February 29, 2008

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)