UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

SALVATORE COSTA,

                                            Plaintiff,

                -against-

THE CITY OF NEW YORK and CHIEF JOE FOX,

                                     Defendants.

---------------------------------------------------------------------- X

**ANSWER TO THE**
**AMENDED COMPLAINT**

07-Civ.-8032 (LAK) (AJP)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Verified Complaint, verified December 11, 2007, ("Amended Complaint") respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mental condition of plaintiff or his family and admit that plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to set forth the basis of jurisdiction, as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to set forth the basis of venue, as set forth therein.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

5.    Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that the City of New York ("City"), is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York.

6.    Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that the City's Police Department ("NYPD"), is an agency of the City, and respectfully refer the Court to New York City Charter § 434 and Title 14 of the New York City Administrative Code for a complete and accurate statement of the NYPD's powers, responsibilities and duties.

7.    Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Assistant Commissioner Joseph Fox (sued herein as "Chief Joe Fox"), has been and is employed by the City in the NYPD.

8.    Deny the allegations set forth in Paragraph "8" of the Amended Complaint, except admit that Assistant Commissioner Fox has been and is employed by the City in the NYPD.

9.    Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiff was appointed to the title of Police Officer in the NYPD on January 9, 1986.

10.    Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that plaintiff was promoted to the rank of Sergeant on November 25, 1999.

11.    Admit the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that on October 18, 2004, plaintiff issued a summons to Louis A. Campanelli, and that the summons alleged that Mr. Campanelli failed to wear a seatbelt while driving a motor vehicle.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that Mr. Campanelli had retired from City service in the NYPD, and that at the time of his retirement Mr. Campanelli was serving in the rank of Sergeant.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that on or around 1982, Mr. Campanelli and Assistant Commissioner Fox were both assigned to the NYPD's 70th Precinct.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that on October 19, 2004, plaintiff was called at home by his supervisor, Captain Dominick Collasuonno[1] and that Captain Collasuonno spoke with plaintiff about the events of October 18, 2004.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that plaintiff was asked by Captain Collasuonno to produce a copy of the summons he had issued the previous day to retired NYPD Sergeant Louis A. Campanelli.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that on October 21, 2004, Lieutenant David Hurst, Captain Richard Jackle, and Lieutenant Richard Tully, investigators assigned to Patrol Borough Brooklyn South

[1]  Erroneously referred to in the Amended Complaint as "Dominik Collisuano."

("PBBS"), a part of the NYPD, arrived at the command where plaintiff was then working, and that at the time of their arrival on that date roll-call was being conducted.

19.    Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that PBBS investigators Lieutenant David Hurst, Captain Richard Jackle, and Lieutenant Richard Tully inspected the locker used by plaintiff at the NYPD command to which plaintiff was assigned, and that one of the reasons for the inspection was to determine if the memo book which plaintiff reported having lost was to be found in that locker.

20.    Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that on October 28, 2004, plaintiff was questioned pursuant to the provisions of NYPD Patrol Guide section 206-13, by investigators from the PBBS Investigations Unit, and that part of the questioning concerned the events of October 18, 2004, and affirmatively state that another matter that was the subject of the questioning was the alleged loss by plaintiff of his memo book, and that plaintiff was represented by an attorney and a representative from his union throughout this questioning.

22.    Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that on October 29, 2004, plaintiff was temporarily assigned to the 69th Precinct, and deny knowledge or information sufficient to form a belief concerning the distance between the 69th Precinct and plaintiff's home.

23.    Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that plaintiff was, at times, assigned to the day tour at the 69th Precinct.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the premise of and the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny the premise of and the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's interactions and conversations with his union representatives.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint, and respectfully refer the Court to a copy of an NYPD Memorandum indicating that plaintiff submitted an application for Disability Retirement on October 8, 2004, 10 days before plaintiff issued the summons to then-retired Sergeant Campanelli, a copy of which is annexed hereto as Exhibit "A."

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint, and respectfully refer the Court to a copy of an NYPD Memorandum indicating that plaintiff submitted an application for Disability Retirement on October 8, 2004, a copy of which is annexed hereto as Exhibit "A."

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34.     In response to paragraph "34" of the Amended Complaint, defendants repeat and re-allege their responses to paragraphs "1," through "33," of the Amended Complaint as if fully set forth here.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that plaintiff retired from City service.

36.     Paragraph "36" of the Amended Complaint sets forth legal arguments to which no response is required. To the extent that it is found that this paragraph requires a response, defendants deny the allegations set forth in this paragraph.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     In response to paragraph "42" of the Amended Complaint, defendants repeat and reallege their responses to paragraphs "1," through "41," of the Amended Complaint as if fully set forth here.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages, and admit that plaintiff retired from City service.

### FOR A FIRST DEFENSE:

48.     The Amended Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

49.     This Court may lack jurisdiction over some or all of plaintiff's claims.

### FOR A THIRD DEFENSE:

50.     The Amended Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

## FOR A FOURTH DEFENSE:

51.     The individual defendant is protected from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

## FOR A FIFTH DEFENSE

52.     To the extent plaintiff asserts that the City of New York was plaintiff's employer, plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City to its employees or to otherwise avoid harm.

## FOR A SIXTH DEFENSE:

53.     The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SEVENTH DEFENSE

54.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

**WHEREFORE,** defendants respectfully request judgment dismissing the Amended Complaint in its entirety and denying all relief requested therein, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             March 13, 2008

                        **MICHAEL A. CARDOZO**
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-184
                        New York, New York 10007-2601
                        (212) 788-8688
                        imendez@law.nyc.gov

              By:    **ECF**:            /s/
                            Ivan A. Mendez, Jr.
                            Assistant Corporation Counsel

TO:    **DAVID M. FISH,**
          Attorney for Plaintiff
          500 5th Avenue, Suite 5100
          New York, New York 10038
          (By ECF & Regular Mail)

07 Civ. 8032 (LAK) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE COSTA,

Plaintiff,

-against-

THE CITY OF NEW YORK and CHIEF JOE FOX,

Defendants.

## ANSWER TO THE AMENDED COMPLAINT`

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-184
New York, N.Y. 10007-2601

Of Counsel:    Ivan A. Mendez, Jr.
Tel:        (212) 788-8688

Matter No.: 2007-029207

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y.  ....................................... , 2007

Signed:  ...........................................................................

Attorney for.......................................................................